## CIRCUIT COURT OF FAIRFAX COUNTY

Constantino

v.

Commonwealth of Virginia

### May 19, 1992

### Case No. (Chancery) 114279

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on a motion filed by the Attorney General's office on behalf of the Department of Criminal Justice Services. The Department seeks to vacate an order of expungement entered by this Court on January 5, 1990. After careful review of the relevant statutes and case law, the Court has come to the conclusion that the Attorney General, in representing the Department of Criminal Justice Services, does not have the authority under the expungement statute to file this motion. The Department is not a proper party to the action.

The expungement statute expressly limits who may object to or appeal from an expungement action. "When a legislative enactment limits the manner in which something may be done, the enactment also evinces the intent that it shall not be done another way." *Grigg v. Commonwealth*, 224 Va. 356, 364, 297 S.E.2d 799, 803 (1982). The statute in question specifically provides that the Commonwealth's Attorney may offer an objection or answer to the petition. Code § 19.2–392.2(D). Additionally, only a party aggrieved by the decision of the court may appeal as provided by law in civil cases. Code § 19.2–392.2(F). Although the Commonwealth is expressly made a party to the action under subsection F, the Department is not. The only authority given to the Department under this statute is to handle the direction of the expungement of the petitioner's records. Code § 19.20–392.2(H). This is solely an administrative duty.

Therefore, the Court finds that the Department of Criminal Justice Services, represented by the Attorney General, is not properly before

this Court on this motion; the authority to file this particular motion is in the Commonwealth's Attorney on behalf of the Commonwealth. The motion filed by the Attorney General on behalf of the Department is therefore denied.